IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NICOLE MAIER,

    Plaintiff,

vs.

VASANA CHEANVECHAI, M.D., LTD.,
a Nevada Professional Corporation, and
VASANA CHEANVECHAI, an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, NICOLE MAIER, sues Defendants, VASANA CHEANVECHAI, M.D., LTD. and VASANA CHEANVECHAI, and shows:

### Introduction

1. This is an action by NICOLE MAIER against her employers for unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, NICOLE MAIER, (hereinafter "Plaintiff" or "MAIER") a resident of Broward County, was at all times material, employed by VASANA CHEANVECHAI, M.D.,

LTD., as a medical assistant, was an employee as defined by 29 U.S.C. § 203(e), and during her employment with VASANA CHEANVECHAI, M.D., LTD., was engaged in commerce or in the production of goods for commerce.

5. Defendant, VASANA CHEANVECHAI, M.D., LTD., is a Nevada Professional Corporation with offices in Broward County, Florida, doing business throughout South Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206 and 207.

6. Defendant VASANA CHEANVECHAI is a resident of the Southern District of Florida.

7. At all times material to this Complaint, VASANA CHEANVECHAI has managed and/or operated Defendant VASANA CHEANVECHAI, M.D., LTD. and regularly exercised the authority to hire and fire its employees, determine the work schedules of employees, set the rate of pay for employees, and controlled its finances and daily operations. VASANA CHEANVECHAI did, in fact, hire Plaintiff, set Plaintiff's rate of pay and work schedule, and thus dictated the terms of Plaintiff's employment. VASANA CHEANVECHAI was the individual who decided not to pay Plaintiff for hours worked. By virtue of such control and authority, VASANA CHEANVECHAI is an employer and/or joint-employer of Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

## Count I – Violation of FLSA by Both Defendants – Overtime

8. Plaintiff, NICOLE MAIER, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 7 above.

9. Since on or about January 7, 2017, up to and including the present, Defendants willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed. Specifically, MAIER, during her employment, worked in excess of 40 hours a week during several weeks of her employment, but was not compensated for all overtime hours at one and one-half times her regular rate.

10. The failure to pay overtime compensation to MAIER is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee.

11. MAIER is entitled pursuant to 29 U.S.C. § 216(b), to recover from both Defendants:

   a. All unpaid overtime that is due;

   b. As liquidated damages, an amount equal to the unpaid overtime owed;

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, NICOLE MAIER, prays that this court will grant judgment against both Defendants:

   a. awarding MAIER payment of overtime compensation found by the court to be due to her under the Act;

   b. awarding MAIER an additional equal amount as liquidated damages;

c. awarding MAIER her costs, including a reasonable attorney's fee; and

d. granting such other and further relief as is just.

## **Jury Demand**

Plaintiff demands trial by jury.

Dated: March 18, 2020
Plantation, Florida

Respectfully submitted,

s/*Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
ROBERT S. NORELL, P.A.
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for NICOLE MAIER